IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARYL SUTULA-JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2015 C 2378 |
| vs. | ) | |
| | ) | |
| OFFICE DEPOT, INC., a Delaware corporation, | ) | Judge Sharon Johnson Coleman |
| | ) | Magistrate Judge Sidney I. Schenkier |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR JUDGMENT**

NOW COMES Plaintiff, Daryl Sutula-Johnson, by her attorney, Wayne B. Giampietro, and moves the Court to enter final Judgment in her favor herein, and in support thereof represents unto the Court as follows:

**INTRODUCTION**

On July 17, 2018, the Court of Appeals issued its opinion in this case. In that opinion, the Court held that the "incentive payments" made by Defendant to Plaintiff during the time she was employed by it were commissions under the Illinois Wage Payment and Collection Act. (Opinion, pp. 17-19). As such, Defendant was required to pay those commissions to Plaintiff at least monthly. (Opinion, p. 20-22).

The parties have reached agreement that Defendant owes the following amounts to Plaintiff:

Unpaid commissions due upon Plaintiff's resignation as an employee:  $60,235.90

Attorney's Fees pursuant to the Wage Payment & Collection Act:  25,354.51

The parties have not reached agreement as to the following amounts:

1. The amount due to Plaintiff for late payments of her commissions from July 1, 2014 through December 31, 2015.

2. Whether Plaintiff is entitled to receive interest on the amounts paid to her later than allowed by the Wage Payment and Collection Act.

## I. PLAINTIFF IS ENTITLED TO A PENALTY OF 2% PER MONTH ON LATE PAYMENTS OF THE COMMISSIONS SHE EARNED

Plaintiff brought this suit to recover damages for Defendant's refusal to comply with the provisions of the Illinois Wage Payment and Collection Act. The Court of Appeals has ruled that Defendant failed to comply with that statute. The statute provides:

> Sec. 14. (a) Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees. 820 ILCS 115/14

Defendant concedes that it is required to pay a penalty of 2% per month to Plaintiff on late payment of the commissions earned by Plaintiff. However, the parties have not agreed upon the amount of that penalty. Plaintiff has prepared a table showing the late payments of commissions due to her, and the amount of the 2% penalty to be paid to her for each late payment of her commissions. That calculation is attached hereto, showing the date each commission was earned, the date it was actually paid, and the amount of the penalty resulting from that late payment. As discussed below, that table also includes the amount of interest owed on each such late payment.

## II. PLAINTIFF IS ENTITLED TO RECEIVE INTEREST ON THE COMMISSIONS PAID LATE TO PLAINTIFF AND THE COMMISSIONS NOT YET PAID TO HER

The provisions of the Illinois Interest Act are clear: "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing . . ." 815 ILCS 205/2.

Defendant required Plaintiff to sign its Sales Incentive Plan, which she did. Thus, the commissions due to Plaintiff were earned pursuant to an "instrument in writing" as defined in the Interest Act. It has long been held that under Illinois law, litigants are entitled to prejudgment interest if the damages are liquidated and capable of easy calculation. *Stanley Gudyka Sales Co., Inc. v. Lacy Forest Products Co.*, 915 F.2d 273, 279 (7th Cir. 1990) This rule applies to commissions which have been earned by employees such as Plaintiff. *Dallis v. Don Cunningham and Associates*, 11 F.3d 713, 718 (7th Cir. 1993) While some cases have denied interest on the basis that the amounts due were not easily determinable, there is no such question here, as the amount of commissions due to Plaintiff are clearly set forth. They were paid to Plaintiff, but not in a timely manner. Thus, she is entitled to interest on those commissions from the date they were due until the date they were actually paid.

The way to make a prevailing party whole is to provide prejudgment interest. *Medcom Holding v. Baxter Travenol Labs. Inc.*, 200 F.3d 518, 519 (7th Cir. 2000). Compensation deferred is compensation reduced by the time value of money. *In re Milwaukee Cheese Wisconsin, Inc.*, 112 F.3d 845, 849 (7th Cir. 1997). Prejudgment interest is an element of complete compensation. *West Virginia v. United States*, 479 U.S. 305, 310 (1987).

Defendant has argued that Plaintiff is not entitled to recover interest on the unpaid commissions, because allowing her to recover both the 2% penalty under the Wage Act and

interest would be double recovery. That argument is based upon decisions under the Fair Labor Standards Act, which are not analagous to this case. The penalty under the FLSA doubles the amount of unpaid wages. Some courts have held under the FLSA that adding interest onto an award of a double payment of wages would be double recovery. This is not the case here.

The Supreme Court has explained that there is a difference between liquidated damages under the FLSA and other employment statutes in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed. 2d 523 (1985), The double payment amount due under the FLSA is to be awarded whenever the employer fails to pay the correct amount mandated by that statute. The situation is different in other instances, such as under the Age Discrimination Act, where the double payment penalty is to be awarded only where the employer's conduct is willful. 469 U.S. at 125.

Based upon this Supreme Court decision, numerous courts have held that the award of pre-judgment interest is a different type of damage, which is properly imposed in addition to the award of a penalty or punitive damages. *Starceski v. Westinghouse Electric Corp.*, 54 F.3d 1089 (Third Cir. 1995). In Illinois, interest is a proper award of damages in a case brought under the Wage Act. *Elsener v. Brown*, 2013 IL App (2d) 120209, 996 N.E.2d 84, 374 Ill.Dec. 637, ¶84. To hold that a 2% award of interest deprives a wronged employee of a 5% interest award would be anomalous indeed. Such a holding would reduce the amount an employee is entitled to receive when an employer is found to have violated a law specifically designed to protect employees from the kind of misconduct found in this case.

The 2% allowed by the Wage Payment and Collection Act is a penalty. *Boggs v. Newman-Alton, Inc.*, 2014 IL App (4th) 130768 ¶23. That amount is above and beyond any other amounts Plaintiff is entitled to receive as a part of her entitlement to proper compensation.

An employee is entitled to an award of interest under virtually any situation where payment of wages are delayed, regardless of whether the cause of action is statutory or for a mere breach of contract. Interest is awarded as a preservation of the economic value of monies due; compensation to prevent the diminution of the value of money resulting from a delay in payment. *Old Second National Bank v. Indiana Insurance Co.*, 29 N.E. 3d 1168, 2015 IL App (1st) 140265, ¶43. The Interest Act and the Wage Payment Act serve two entirely separate purposes. Plaintiff is entitled to receive both interest to make her whole for the failure of Defendant to pay her in a timely manner, and the penalty imposed by the Wage Act.

Indeed, an award of both the 2% penalty imposed by the Wage Act, and prejudgment interest, as well as attorney's fees, was approved in *Boggs v. Newman-Alton, Inc.*, 2014 Il App (4th) 130768. This is exactly what should be awarded in this case.

Attached as Exhibit "A" is a calculation of the interest and 2% penalty which applies to each late payment made by Defendant to Plaintiff. These are the amounts which should be awarded to Plaintiff here.

### III. PLAINTIFF IS ENTITLED TO RECEIVE ADDITIONAL ATTORNEYS FEES

Defendant has conceded that Plaintiff is entitled to attorneys fees for Defendant's failure to comply with the provisions of the Illinois Wage Payment and Collection Act. Since Defendant has continued to refuse to honor its obligations under that act, attempting to deprive Plaintiff of the interest to which she is clearly entitled, she should be awarded an amount to compensate her for the additional fees she has been required to incur to secure payment of the full amount due to her in this case. Attached hereto as Exhibit "B" is a listing of the additional fees Plaintiff has incurred since the return of this case to this Court from the Court of Appeals.

## CONCLUSION

Based upon the agreement of the parties and the calculation of penalties and interest attached hereto, Plaintiff is entitled to recover from Defendant the following amounts:

| | |
|---|---:|
| Unpaid Commissions | $60,235.90 |
| Attorneys Fees through Court of Appeals Decision | 25,354.51 |
| Interest on all unpaid amounts | 10,172.89 |
| Penalties on all unpaid amounts | 54,921.00 |
| Additional Attorneys Fees since Remand | 5,880.00 |
| Unpaid Costs Awarded in the Court of Appeals | 776.00 |
| Total: | $157,340.30 |

WHEREFORE, Plaintiff Daryl Sutula-Johnson, prays that the Court grant her Judgment in the amount of $ 157,340.30, plus her costs of suit herein.

S/Wayne B. Giampietro
Attorney for Plaintiff

Of Counsel
Poltrock & Giampietro
123 W. Madison St. #1300
Chicago, IL 60602
312-236-0606; Fax: 312-236-9264
Email: wgiampietro@wpglawyers.com
ARDC No. 0947776

# Penalties and Interest Due to Daryl Johnson

| Month | Commission | Due Date | Date Paid | Days late | Interest | Penalty |
|---|---|---|---|---|---|---|
| July, 2014 | 33342.4 | 8/28/2014 | 11/11/2014 | 76 | 347.13 | 2000.54 |
| August, 20 | 3161338 | 9/28/2014 | 11/11/2014 | 45 | 194.88 | 1264.54 |
| Sept, 2014 | 79201.18 | 10/24/2014 | 11/11/2014 | 19 | 206.14 | 1584.02 |
| Oct, 2014 | 18706.41 | 11/21/2014 | 4/24/2015 | 154 | 217.81 | 1870.64 |
| Nov. 2014 | 17766.36 | 12/19/2014 | 4/24/2015 | 126 | 138.03 | 1414.19 |
| Dec. 2014 | 22305 | 1/30/2015 | 4/24/2015 | 84 | 45.83 | 1338.3 |
| Jan, 2015 | 8749.58 | 2/27/2015 | 5/22/2015 | 84 | 85.1 | 524.97 |
| Feb. 2015 | 2084 | 3/27/2015 | 5/22/2015 | 56 | 12.28 | 88.36 |
| March, 2015 | 28881 | 4/24/2015 | 5/22/2015 | 28 | 59.34 | 577.62 |
| April, 2015 | 11438.92 | 5/22/2015 | 8/14/2015 | 85 | 133.19 | 686.34 |
| May, 2015 | 19280.54 | 8/6/2015 | 6/19/2015 | 57 | 150.55 | 771.22 |
| June, 2015 | 19280.54 | 7/31/2015 | 8/14/2015 | 15 | 39.62 | 385.61 |
| July, 2015 | 36720.27 | 8/28/2015 | 11/20/2015 | 85 | 427.56 | 2203.2 |
| Aug, 2015 | 1663.03 | 9/25/2015 | 11/20/2015 | 57 | 12.99 | 66.52 |
| Sept. 2015 | 47068.03 | 10/23/2015 | 11/20/2015 | 29 | 186.98 | 941.36 |
| Oct, 2015 | 23121.82 | 11/20/2015 | 8/2/2018 | 986 | 3123.03 | 15722.83 |
| Nov. 2015 | 23527.93 | 12/18/2015 | 8/2/2018 | 958 | 3087.64 | 15057.88 |
| Dec, 2015 | 13586.15 | 1/29/2015 | 8/31/2018 | 916 | 1704.79 | 8423.32 |
| | | | | | 10172.89 | 54921 |

EXHIBIT A

WAYNE B. GIAMPIETRO LLC
123 W. Madison Street, Suite 1300
Chicago, Illinois 60602
Phone: 312 236 0606

Invoice submitted to:

Ms. Daryl Johnson
421 Belmont Lane
Bartlett, IL 60103

July 31, 2018
Invoice # 2010-6076

in reference to: Re: Office Depot

Professional Services

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| 6/25/2018 | WBG | Download Opinion from Court of Appeals and review it; send opinion to Daryl; begin drafting Bill of Costs; respond to emails from Daryl; call to Daryl; call to Tracy Coenen regarding calculating Daryl's damages | 1.25 | 312.50 |
| 6/28/2018 | WBG | Finalize and file Bill of Costs on Appeal | 0.25 | 75.00 |
| 7/3/2018 | WBG | Review file to check for information on damages - what have we calculated thus far? | 0.25 | 62.50 |
| 7/18/2018 | WBG | Email to Daryl informing her of status report in District Court | 0.10 | 30.00 |
| 7/25/2018 | WBG | Review materials in file regarding Daryl's damages; email to Daryl regarding info we need to calculate her damages; call from Daryl to discuss | 1.25 | 375.00 |
|  |  | For professional services rendered | 3.10 | $855.00 |

EXHIBIT B

WAYNE B. GIAMPIETRO LLC
123 W. Madison Street, Suite 1300
Chicago, Illinois 60602
Phone: 312 236 0606

Invoice submitted to:

Ms. Daryl Johnson
421 Belmont Lane
Bartlett, IL 60103

August 30, 2018
Invoice # 2010-6088

in reference to: Re: Office Depot

Professional Services

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 7/31/2018 | WBG | Call from J. Boquist to discuss next steps in case; email to Darryl informing her of our telephone conference; review our billings to Daryl to determine the amount owed to her by Defendant for attorneys fees | 2.00 | 500.00 |
| 8/2/2018 | WBG | Call from Daryl to discuss status report tomorrow - potential payment due to her, etc | 0.25 | 62.50 |
| 8/3/2018 | WBG | Appear for status report; call to Daryl to inform her of my discussions with Office Depot's attorney; research regarding pre-judgment interest; email to Boquist with cases authorizing prejudgment interest in cases like this | 2.50 | 750.00 |
| 8/22/2018 | WBG | Exchange emails with Daryl regarding calculation of amounts owed to her | 0.25 | 62.50 |
| 8/27/2018 | WBG | Download email from Defendant's attorney regarding damages; research regarding payment of interest as well as statutory penalty | 3.00 | 750.00 |
| 8/28/2018 | WBG | Email to Daryl with Defendant's Settlement Offer, and my analysis of their reasons for claiming they do not owe interest; conference with Daryl | 0.50 | 125.00 |
| 8/29/2018 | WBG | Research; letter to counsel for Defendant regarding why Plaintiff is entitled to interest on unpaid funds | 2.00 | 500.00 |

For professional services rendered        10.50   $2,750.00

WAYNE B. GIAMPIETRO LLC
123 W. Madison Street, Suite 1300
Chicago, Illinois 60602
Phone: 312 236 0606

Invoice submitted to:

Ms. Daryl Johnson
35W348 Elder Avenue
St. Charles, IL 60174

September 12, 2018
Invoice # 2010-6094

in reference to: Re: Office Depot

Professional Services

|  |  | Hours | Amount |
|---|---|---|---|
| 9/4/2018 WBG Respond to email from client | | 0.10 | 25.00 |
| 9/5/2018 WBG Review materials regarding damages sent by client; respond to email from client | | 1.00 | 250.00 |
| 9/6/2018 WBG Status Report - Judge Coleman; email to Daryl regarding status report; calculate interest and penalties on all amounts due; send to Daryl to review; telephone call from Daryl to discuss | | 4.00 | 1,000.00 |
| 9/7/2018 WBG Draft Motion for Judgment in favor of Daryl | | 2.50 | 625.00 |
| 9/10/2018 WBG Send 2-9 form to client to sign, at Defendant's request; further drafting of Motion for Judgment | | 0.50 | 125.00 |
| 9/11/2018 WBG Finalize Memo regarding Judgment; email to counsel for Plaintiff with W-9 from Daryl | | 1.00 | 250.00 |

For professional services rendered       9.10  $2,275.00