IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DARYL SUTULA-JOHNSON,**<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**OFFICE DEPOT, INC.,**<br><br>　　　　Defendant. | No. 15-C-2378<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge Sidney I. Schenkier |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT

Per the Court's Order (Dkt. No. 99), Defendant Office Depot, Inc. ("Defendant" or "Office Depot") hereby submits its memorandum setting forth its final calculations and its opposition to Plaintiff's Motion for Judgment ("Plaintiff's Motion") (Dkt. No. 100).

Office Depot acknowledges that Plaintiff is allowed to recover the 2% IWPCA payments but its calculation shows that Plaintiff's claim for relief is based on incorrect information (which Plaintiff herself acknowledges), and therefore, the Court should rule based on Office Depot's IWPCA calculation. Regarding Plaintiff's claim for interest under Illinois Interest Act and her claim for additional attorneys' fees, it is Office Depot's position that Plaintiff is not entitled to any recovery. The Illinois Interest Act is not applicable here, and further, to allow Plaintiff to recover interest under both the Interest Act and the IWPCA would amount to double recovery. Plaintiff is also unable to establish a claim for any additional attorneys' fees because the Interest Act provides no such relief and any attorney time spent on the IWPCA claim was due to her delay in providing Office Depot with her IWPCA calculation, requested on August 3, 2018.

**I.　　PLAINTIFF'S IWPCA CALCULATION IS BASED ON INCORRECT INFORMATION.**

With respect to Plaintiff's claim for $54,921 in interest for the Illinois Wage Payment

Collection Act ("IWPCA") claim, Office Depot advises that by its calculation, Plaintiff should only recover $51,880.10 in interest. See Office Depot's IWPCA Interest Calculation attached hereto as Exhibit A. Plaintiff's calculation is flawed for two reasons: (1) at least one of her calculations is incorrect because the underlying "commission" amount claimed was apparently wrong due to a typo; and (2) she is basing the calculations on incentive payment amounts she believes she should have received rather than those she was paid (without dispute) during her employment.

      A.      **IWPCA Interest on Incentive Payments During Employment.**

For the alleged underpayments during employment, Plaintiff is claiming $15,718.97 in IWPCA interest. Office Depot calculates the 2% IWPCA interest for the incentive payments during employment should be **$13,138.41**. See Exhibit A.

While Plaintiff disputed that Office Depot had a right to change the terms of her compensation, she did not dispute that she was properly paid during her employment under the terms of the 2014 and 2015 Office Depot Plans. See Dkt. No. 70, SOF, ¶¶ 57, 70. However, rather than basing her calculations on the undisputed quarterly incentive payments she received during her employment, she is asserting a claim for interest based on "commissions" she now claims she was owed. There is no evidence that the underlying amounts upon which her calculation is based are even correct. Indeed, in email correspondence on September 21, 2018, Plaintiff acknowledged that her calculation for September 2014 is incorrect because the claimed "commission" payment of $79,201.18 for that month should have been $76,201.18, a difference of $3,000. This error was apparently due to a typo. Further, Plaintiff never claimed her quarterly incentive payments were improperly calculated under the 2014 and 2015 Office Depot Plans. Thus, Office Depot respectfully requests that this Court defer to its calculation based on the amounts paid and received by Plaintiff during her employment.

  B.  **IWPCA Interest on Post-Employment Incentive Payment.**

Plaintiff and Office Depot agree that had Plaintiff remained employed, she would have received $60,235.90 for her Q4 2015 incentive payment. Plaintiff is claiming $39,204.03 in IWPCA interest for the 2015 fourth quarter payment. By Office Depot's calculation, Plaintiff's IWPCA interest payment for that time period should be **$38,741.69**. See Exhibit A. Plaintiff's calculation for this payment is incorrect because she calculates by day rather than monthly as required by the statute.

## II. PLAINTIFF IS NOT ENTITLED TO INTEREST UNDER THE ILLINOIS INTEREST ACT.

  A.  **Plaintiff Cannot State a Claim under the Illinois Interest Act.**

    1.  **Plaintiff is Not Owed Any Moneys Pursuant to An Instrument in Writing.**

Plaintiff's Illinois Interest Act claim is fatally flawed because it is based entirely on her position that she is owed money "earned pursuant to an 'instrument in writing' as defined in the Interest Act." (Plaintiff's Motion, p. 3). This argument fails because there is no ruling that Office Depot owed Plaintiff any money pursuant to a written instrument. Indeed, the Seventh Circuit Court upheld this Court's dismissal of Plaintiff's breach of contract claim. (Dkt. No. 96, p. 22). Instead, the Seventh Circuit Court found that the quarterly incentive payments provided for in the incentive plan constituted commissions, and therefore, should have been paid monthly. (Id., pp. 19-22). Thus, the recover Plaintiff seeks now is pursuant to the IWPCA's requirement that commissions be paid monthly rather than under the terms of her compensation plans.

The majority of cases cited by Plaintiff in support of her Interest Act claim are all therefore distinguishable because they involve breach of contract claims and not claims for commissions pursuant to the Illinois Wage Payment Collection Act ("IWPCA"). See West Virginia v. United States, 479 U.S. 305, 306 (1987) (government debt action); Medcom Holdings

3

v. Baxter Travenol Labs, Inc., 200 F.3d 518, 519 (7th Cir. 2000) (breach of contract involving sale of business); Dallis v. Don Cunningham and Associates, 11 F.3d 713, 714 (7th Cir. 1993) (breach of contract claim for commissions); In re Milwaukee Cheese Wisconsin, Inc., 112 F.3d 845, 846 (7th Cir. 1997) (thrift savings plan action); Stanley v. Gudyka Sales Co., Inc., v. Lucy Forest Products, Co., 915 F.2d 273, 274 (7th Cir. 1990) (breach of contract claim); Old Second Nat'l Bank v. Indiana Ins. Co., 29 N.E.3d 1168, 2015 IL App (1st) 140265, ¶1 (breach of contract claim).

Ultimately, Plaintiff is only able to identify one IWPCA case to support her claim for interest, Elsener v. Brown, 996 N.E. 2d 84, 2013 IL App (2d) 120209. However, her reliance on Elsener is misplaced because the Elsener claim was also based on a written instrument, specifically an agreement providing for severance. Here, Plaintiff is not owed any money pursuant to a written instrument because the compensation plan at issue provided for quarterly payments, and there is no evidence or ruling that Office Depot failed to comply with the terms of its compensation plan. Accordingly, Plaintiff cannot establish any claim under the Interest Act.

**2. Plaintiff Cannot Establish Any Unreasonable or Vexatious Delay.**

Plaintiff attempts to pursue her Interest Act claim based on a written instrument where there is none to support such a claim. In doing so, Plaintiff also cites to an unpublished Interest Act case, Boggs v. Newman-Alton, Inc. 2014 IL App (4th) 130768, ¶23, where the court evaluated a plaintiff's right to an Interest Act claim based on an unreasonable and vexatious delay of compensation. The Illinois Interest Act provides that: "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due ... on money withheld by an unreasonable and vexatious delay of payment." 815 ILCS 205/2. Boggs is distinguishable from the facts here where there is no evidence Office Depot unreasonably or vexatiously delayed payment of plaintiff's incentive payments.

4

To prove an "unreasonable or vexatious delay," Plaintiff must show that Office Depot "had thrown obstacles in the way of collection or by some circumvention or management of [its] own had induced [her] to delay taking proceedings to collect the debt longer than [s]he would have otherwise done." Mouloki v. Epee, No. 14 C 5532, 2018 WL 2096376, at *4 (N.D. Ill. May 7, 2018) citing Chandra v. Chandra, 53 N.E.3d 186, 207 (Ill. App. Ct. 2016) (internal quotation omitted ). An "honest dispute as to the existence of a legal obligation will not result in an unreasonable and vexatious delay which would permit recovery of interest" under the Illinois Interest Act. Mouloki, 2018 WL 2096376, at *4 quoting Telemark Dev. Grp., Inc. v. Mengelt, 313 F.3d 972, 986 (7th Cir. 2002) (internal citation omitted). Here, Office Depot believed it had no legal obligation to compensate Plaintiff for the incentive payments in dispute, and therefore, the Illinois Interest Act does not apply.

### B. Awarding Plaintiff Interest in Addition to IWPCA Interest Constitutes Double Recovery.

"The cardinal rule of statutory interpretation is to ascertain and give effect to the intent of the legislature." See Majmudar v. House of Spices (India), Inc., 2013 IL App (1st) 130292, ¶ 10, 1 N.E.3d 1207, 1210. Under the unambiguous language of the statute, the IWPCA provides for damages in the amount of 2% of any underpayment of wages for each month following the payment for each month they remain unpaid. 820 ILCS 115/14. See Majmudar, 2013 IL App (1st) 130292, ¶ 17 (observing the IWPCA provides "an interest rate of 2% for each month"). The IWPCA further states that, "In a civil action, [an] employee shall also recover costs and all reasonable attorneys' fees." In enacting this legislation, the legislature clearly identified all relief to which an employee would be allowed in an IWPCA action and all relief, including the 2% interest per month on any underpayment, to make a plaintiff whole.

Plaintiff fails to cite to any authority supporting her claim that she is entitled to double

5

recovery for both interest of 5% per annum under the Interest Act and 2% per month under the IWPCA. While she cites to Boggs, Boggs involves an action under the Illinois Prevailing Wage Act and not the IWPCA. 2014 IL App (4th) 130768, ¶53. Furthermore, the Boggs court's decision was based on its conclusion that there was an unreasonable and vexatious delay of a prevailing wage. Id. Such facts are not analogous to those present here where there was an honest dispute regarding Office Depot's obligation to pay Plaintiff incentive payments on a monthly basis during her employment or after she voluntarily resigned her employment.

While Office Depot disagrees with the outcome, the Seventh Circuit Court has ruled that Plaintiff should be granted judgment on her IWPCA claims. Consequently, Office Depot is not contesting Plaintiff's request for 2% interest for each month of her alleged underpayments. Instead, Office Depot is opposing Plaintiff's attempt at double recovery to interest under both the Interest Act and the IWPCA, which has not been evaluated in Illinois or the Seventh Circuit.[1] The Supreme Court's analysis in an FLSA action provides guidance regarding how to evaluate Plaintiff's claim for both the 2% interest allowed under the IWPCA and the 5% interest allowed under the Interest Act. When analyzing a prejudgment interest claim in an FLSA action involving a claim for liquidated damages, the Supreme Court opined:

> Interest is not recoverable in judgments obtained under Section 16(b)….Section 16(b) authorizes the recovery of liquidated damages as compensation for delay in payment of sums due under the Act. Since Congress has seen fit to fix the sums recoverable for delay, it is inconsistent with Congressional intent to grant recovery of interest on such sums in view of the fact that interest is customarily allowed as compensation for delay in payment. To allow an employee to recover the basic statutory wage and liquidated damages, with interest, would have the effect of giving an employee double compensation for damages arising from delay in the payment of the basic minimum wages. Allowance of interest on minimum wages and liquidated damages recoverable under Section 16(b) tends to

---

[1] Plaintiff herself only identifies one case where a court granted interest under the Illinois Interest Act and the IWPCA. However, in that case, the defendant argued the claim was prohibited by the parties' severance agreement, and therefore, the court did not address double recovery. Elsener, 2013 IL App (2d) 120209, ¶ 31.

6

produce the undesirable result of allowing interest on interest. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 715, 65 S. Ct. 895, 906, 89 L. Ed. 1296 (1945). Courts in the Seventh Circuit have followed this same reasoning. See Uphoff v. Elegant Bath, Ltd., 176 F.3d 399, 406 (7th Cir. 1999) (internal quotation omitted) ("Following the rule adopted by the majority of circuits, we hold that the FLSA does not permit successful plaintiffs to obtain prejudgment interest in addition to liquidated damages because that would enable them to obtain double recovery."); Gorman v. Continental Can Co., 1986 WL 5647, *1 (ND IL 1986) (Denying a motion for prejudgment interest because the court is bound by Brooklyn Bank and Uphoff).

Plaintiff attempts to discourage the Court from looking to the FLSA for guidance by citing two cases where the Supreme Court and the Third Circuit distinguished the right to recover liquidated damages under the FLSA from other employment statutes, but significantly, both cases involved ADEA claims and not another wage and hour law as is at issue here. See Trans World Airlines, Inc., v. Thurston, 469 U.S. 111, 104, 105 S. Ct. 613 (1985); Starceski v. Westinghouse Electric Corp., 54 F.3d 1089, 1094 (Third. Cir. 1995). Claims based on discrimination and not an alleged failure to pay wages as pled here are not analogous, and therefore, neither case should be considered here.

### C. Plaintiff's Illinois Interest Act Calculation is Based on Incorrect Information.

Even if the Court were to find the Interest Act applied here, Plaintiff's calculation should be disregarded for the same reasons set forth above with respect to her IWPCA interest calculation: it is based on incorrect information. By Office Depot's calculation, Plaintiff would only be entitled to receive **$7,775.83** in interest under the Illinois Interest Act. See Exhibit A.

### III. PLAINTIFF IS NOT ENTITLED TO ADDITONAL ATTORNEYS' FEES.

Since the Seventh Circuit issued its opinion, the central dispute between the parties has been Plaintiff's claim for interest under the Illinois Interest Act. This claim does not fall under

the purview of the IWPCA which allows for attorneys' fees, and therefore, Plaintiff is not entitled to fees relating to her pursuit for interest under the Interest Act. With respect to any time devoted to the IWPCA 2% interest payment, at no time did Office Depot suggest it was opposing Plaintiff's request for the 2% IWPCA payment. Despite its request for Plaintiff's IWPCA calculation on August 3, 2018, Office Depot received no calculation from Plaintiff until she filed her Motion for Judgment. Had Office Depot received the requested IWPCA calculation, the time spent by her attorney addressing that issue likely would have been unnecessary.

**IV.     CONCLUSION**

Plaintiff's IWPCA interest calculation is based on incorrect information, and therefore, Office Depot respectfully requests that the Court defer to Office Depot's calculation. Plaintiff is unable to establish any proper claim under the Illinois Interest Act. Moreover, even if the Court were to consider her claim proper, to allow her to collect interest under both the Illinois Interest Act and the IWPCA would allow her double recovery, which is prohibited in the Seventh Circuit. Moreover, the Illinois Interest Act does not entitle Plaintiff to attorneys' fees. Plaintiff's motion for judgment seeking interest pursuant to the Illinois Interest Act and additional attorneys' fees should be denied.

OFFICE DEPOT, INC.


By:    */s/ Melissa L. McDonagh*
          One of Its Attorneys

Jody A. Boquist (Attorney ID 6209561)
jboquist@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880

Melissa L. McDonagh (Attorney ID 6283231)
mmcdonagh@littler.com
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA 02110
Telephone: 617.378.6000
Facsimile: 617.737.0052

Dated: September 25, 2018

## **CERTIFICATE OF SERVICE**

I, Melissa L. McDonagh, an attorney, certify that I caused to be served a copy of the foregoing **Defendant's Opposition to Plaintiff's Motion for Judgment**, upon the following counsel of record, via the Court's electronic filing system, ECF, on September 25, 2018.

Wayne B. Giampietro
POLTROCK & GIAMPIETRO
123 W. Madison St. #1300
Chicago, Illinois 60602
(312) 236-0606

                                                  */s/Melissa L. McDonagh*
                                                  Melissa L. McDonagh