UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUTULA-JOHNSON, | ) |
| Plaintiff, | ) Case No. 15-cv-2378 |
| v. | ) Judge Sharon Johnson Coleman |
| OFFICE DEPOT, | ) |
| Defendant. | ) |

**ORDER**

Status hearing held on 10/12/2018. Sutula-Johnson's motion for judgment [100] is granted in part and denied in part. Judgment is entered in the plaintiff's favor in the amount of $137,470.51.

**STATEMENT**

The plaintiff, Sutula-Johnson, moves for the entry of a final judgment in the amount of $157,340.30, consisting of unpaid commissions due to her, interest on those unpaid sums, and attorney's fees and costs. It is undisputed that Sutula-Johnson is owed $60,235.90 in unpaid commissions, as well as $25,354.51 in attorney's fees owed pursuant to the Illinois Wage Payment and Collection Act. It is further undisputed that Sutula-Johnson is entitled to recover damages of 2% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid under the terms of the Illinois Wage Payment and Collection Act. 820 ILCS 115/14. The parties agree that, for the periods during and after her employment, these damages amount to $51,880.10. It is therefore undisputed that Sutula-Johnson is entitled to recover $137,470.51.

Sutula-Johnson, however, further asserts that she is entitled to recover interest under the Illinois Interest Act. The Illinois Interest Act provides that "[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill,

1

promissory note, or other instrument of writing . . . and on money withheld by an unreasonable and vexatious delay of payment." 815 ILCS 205/2.  Office Depot contends that Sutula-Johnson is not owed any money due on an instrument in writing because she did not prevail on her breach of contract claims, and therefore cannot establish that she is entitled to recover under a written instrument.  Sutula-Johnson, however, asserts that the Sales Incentive Plan constitutes an "instrument in writing" and that the untimely commission payments that she is recovering were therefore due pursuant to a written instrument.

The Sales Incentive Plan, however, did not provide for the monthly commissions that Sutula-Johnson now seeks to recover.  Instead, it is Illinois statutory law that created the requirement that commissions be paid monthly and thereby gave rise to Sutula-Johnson's claims.  The Sales Incentive Plan, by contrast, did not provide for monthly payments or for the payment of "unearned" incentives.  Although Sutula-Johnson has identified cases in which the Illinois Interest Act was applied to Illinois Wage Payment and Collection Act claims, those cases all involved claims brought based on breaches of employment contracts, rather than employment contracts that breached the requirements of the statute.  *See, e.g., Eisner v. Brown*, 996 N.E.2d 84, 2013 IL App (2d) 120209 (applying the Illinois Interest Act to Illinois Wage Payment and Collection Act claims based on the breach of a severance provision contained in an employment contract).  Sutula-Johnson has therefore failed to establish that she is recovering amounts due under a "written instrument."

Office Depot further argues that Sutula-Johnson's claim is not based on an "unreasonable and vexatious delay in payment."  It is well-established that an honest dispute as to the existence of a legal obligation, such as occurred here, cannot give rise to an unreasonable and vexatious delay that would permit the recovery of interest.  *Telemark Dev. Grp., Inc. v. Mengelt*, 313 F.3d 972, 986 (7th Cir. 2002).  Accordingly, Sutula-Johnson cannot establish that she is entitled to recover under the Illinois Interest Act based on the Sales Incentive Plan or a delay in payment.

2

Sutula-Johnson seeks to recover the attorney's fees that she incurred after remand because "the Defendant has continued to refuse to honor its obligations under the [Illinois Wage Payment and Collection Act], attempting to deprive Plaintiff of the interest to which she is clearly entitled." As this Court has held, however, Sutula-Johnson is not entitled to recover under the Illinois Interest Act. Even if she were, moreover, Sutula-Johnson has offered no authority to establish that attorney's fees under the Illinois Wage Payment and Collection Act can be awarded based on attempts to recover under the Illinois Interest Act.

Sutula-Johnson's conclusory request for attorney's fees contains no other specific basis on which fees could be awarded. To the extent that Sutula-Johnson generally alleges that Office Depot has delayed payment under the Illinois Wage Payment and Collections Act, it is undisputed that Sutula-Johnson did not provide her calculation of damages until she filed her motion for judgment, preventing a more expeditious payment. The billing records that Sutula-Johnson submitted, moreover, do not clearly separate time spent pursuing her Illinois Wage Payment and Collections Act claims from the time spent pursuing her Illinois Interest Act claims, making it impossible for this Court to ascertain what additional fees, if any, would be appropriate under the Illinois Wage Payment and Collection Act. The Court therefore declines to award additional attorney's fees beyond the $25,354.51 already agreed to by the parties; and enters judgment in the sum of $137,470.51.

IT IS SO ORDERED.

Date: 12/17/2018

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge